# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUANITA FAYE THOMAS,<br><br>    Plaintiff,<br><br>v.<br><br>WYETH PHARMACEUTICALS, INC.; AMERICAN HOME PRODUCTS; WYETH-AYERST PHARMACEUTICALS, INC.; WYETH-AYERST INTERNATIONAL, INC.; WYETH-AYERST LABORATORIES, A DIVISION OF AMERICAN HOME PRODUCTS CORPORATION; WYETH, LLC, f/k/a AMERICAN HOME PRODUCTS CORPORATION; WYETH f/k/a AMERICAN HOME PRODUCTS CORPORATION; PFIZER, INC.; and INDEVUS PHARMACEUTICALS, INC.,<br><br>    Defendants. | Case No. _____<br><br>MDL No. 1203 |

## DEFENDANT WYETH LLC'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Wyeth LLC[1] (improperly sued as "Wyeth, LLC") ("Wyeth"), hereby gives notice of removal of this action, entitled *Juanita Faye Thomas v. Wyeth Pharmaceuticals, Inc., et al.*, bearing Case ID 120602218, from the First Judicial District of Pennsylvania, Court of Common Pleas of Philadelphia County, Civil Trial Division (the "Philadelphia County Action"), to the United States District Court for the Eastern District of Pennsylvania. Pursuant to 28 U.S.C. § 1446(a), a true and legible copy of Plaintiff's Praecipe To Issue Writ of Summons is attached hereto as "Exhibit A" and Plaintiffs'

---

[1] On June 30, 2001, Wyeth-Ayerst Laboratories Company merged into AHP Subsidiary Holding Corporation. On March 11, 2002, American Home Products Corporation ("AHPC") changed its name to Wyeth. On January 31, 2007, AHP Subsidiary Holding Corporation merged into Wyeth. On November 9, 2009, Wyeth converted from a Delaware corporation to a Delaware limited liability company and is now known as Wyeth LLC. Wyeth Pharmaceuticals Division of Wyeth (formally known as Wyeth-Ayerst Laboratories Division of American Home Products Corporation) is an unincorporated division of Wyeth LLC and, therefore, is not amenable to suit.

-2-

Master Long Form Complaint in *In Re*: "Fen-Phen" Litigation in Philadelphia County Court of Common Pleas, filed as of May 17, 1999 under Master Docket No., May Term 1999, No. 0001, is attached hereto as "Exhibit B."

As grounds for removal, Wyeth states as follows:

## I.   INTRODUCTION

1.  This action is a pharmaceutical product liability case in which Plaintiff Juanita Faye Thomas ("Plaintiff") alleges that she sustained personal injuries as a result of ingesting prescription diet drugs Pondimin® (also known as fenfluramine), Redux™ (also known as dexfenfluramine), and/or phentermine. *See* Ex. A. Pondimin often was prescribed in conjunction with another medication, phentermine, in a combination commonly referred to as "phen/fen," prior to the voluntary withdrawal of Pondimin from the consumer market in September 1997. Plaintiff Juanita Faye Thomas asserts that she was diagnosed with Primary Pulmonary Hypertension ("PPH") as an alleged result of using prescription diet drugs manufactured by Wyeth. *Id.*

2.  The Judicial Panel on Multidistrict Litigation ("JPML") has consolidated pretrial proceedings for personal injury claims involving diet drugs pursuant to 28 U.S.C. § 1407 in the United States District Court for the Eastern District of Pennsylvania. *See In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Prods. Liab. Litig.*, 990 F. Supp. 834 (J.P.M.L. 1997). Because Plaintiff's alleged personal injuries resulting from ingestion of diet drugs, this case should be assigned to Multidistrict Litigation 1203 in accordance with Rule 7.2(a) OF RULES OF PROCEDURE OF THE UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION.

## II. REMOVAL TO THIS JUDICIAL DISTRICT IS PROPER AND TIMELY

3. Plaintiff commenced the Philadelphia County Action on June 18, 2012, by filing a Praecipe To Issue Writ of Summons in the First Judicial District of Pennsylvania, Court of Common Pleas of Philadelphia County, Civil Trial Division in the PPH Phen-Fen Mass Tort Docket ("PCCP Phen-Fen Litigation") against named defendants Wyeth Pharmaceuticals, Inc.; American Home Products; Wyeth-Ayerst Pharmaceuticals, Inc.; Wyeth-Ayerst International, Inc.; Wyeth-Ayerst Laboratories, A Division of American Home Products Corporation; Wyeth, LLC, f/k/a American Home Products Corporation; Wyeth, f/k/a American Home Products Corporation; Pfizer, Inc.; and Indevus Pharmaceuticals, Inc.

4. Pursuant to "Case Management Order No. 1 for Phen-Fen Personal Injury Cases" at ¶ 2.C.1., Plaintiff must file a Short Form Complaint within thirty (30) days of instituting Phen-Fen litigation with a Writ of Summons. *See* CMO No. 1 (attached hereto as "Exhibit C") at 4. Plaintiff is prohibited from alleging additional counts not pled in the Master Long Form Complaint. *Id.*

5. No Defendant has yet been served with Plaintiff's Praecipe To Issue Writ of Summons, Summons or Complaint. This Notice of Removal is therefore timely filed pursuant to 28 U.S.C. § 1446(b).

6. No further pleadings have been filed, and no proceedings have yet occurred in the Philadelphia County Action.

7. Removal to this District is proper because the First Judicial District of Pennsylvania, Court of Common Pleas of Philadelphia County, Civil Trial Division is within the District Court for the Eastern District of Pennsylvania. 28 U.S.C. §§ 1441(a), 1446(a).

8. Defendants base their removal on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

### III.   STATUTORY BASIS FOR JURISDICTION

9. Removal of this action is proper under 28 U.S.C. § 1441. The Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) as it is a civil action between citizens of different states in which the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. Plaintiff filed this as a diet drug PPH case. *See* Exh. A. Typically plaintiffs allege that PPH is a life-threatening and frequently fatal illness and claim damages, including punitive damages, well in excess of hundreds of thousands of dollars. Prior verdicts in PPH cases far exceeded hundreds of thousands of dollars.

#### A.   Complete Diversity Exists Between the Parties

10. Plaintiff Juanita Faye Thomas is a citizen of the State of Louisiana. *See* Ex. A.

11. Under 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business. . . ." For purposes of diversity jurisdiction, the citizenship of an LLC is that of its members. *Country Classics at Morgan Hill Homeowners' Ass'n, Inc. v. Country Classics at Morgan Hill, LLC*, 780 F. Supp. 2d 367, 370 (E.D. Pa. 2011); *see also Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010) (stating that every circuit court to have considered the issue has held that the citizenship of a LLC is determined by the citizenship of its members, and joining in that holding).

12. Defendants are all alleged to be citizens of states other than Louisiana. *See* Ex. B ¶¶ 2-5, 7.

13. Defendant Wyeth LLC is a limited liability company organized under Delaware law. The sole member of Wyeth LLC is Pfizer LLC. Pfizer LLC's sole member is Pfizer Inc. Pfizer Inc. is a Delaware corporation with its principal place of business in the State of New

York. Defendant Wyeth LLC is, therefore, a citizen of both the State of Delaware and the State of New York.[2]

14. Defendant Wyeth Pharmaceuticals Inc. (formally known as Wyeth-Ayerst Pharmaceuticals, Inc.)[3] is a Delaware corporation with its principal place of business in the Commonwealth of Pennsylvania. Wyeth Pharmaceuticals Inc. is, therefore, a citizen of both the State of Delaware and the Commonwealth of Pennsylvania.

15. Defendant Wyeth-Ayerst International, Inc. is a New York corporation with its principal place of business in the Commonwealth of Pennsylvania. Wyeth-Ayerst International, Inc. is, therefore, a citizen of both the State of Delaware and the Commonwealth of Pennsylvania.

16. Defendant Pfizer Inc is a Delaware corporation with its principal place of business in the State of New York. Pfizer Inc is, therefore, a citizen of both the State of Delaware and the State of New York.

17. Indevus Pharmaceuticals, Inc. is a Delaware corporation with its principal place of business in the Commonwealth of Pennsylvania. Indevus Pharmaceuticals, Inc. is, therefore, a citizen of both the State of Delaware and the Commonwealth of Pennsylvania.

18. Because Plaintiff and Defendants are citizens of different states, there is complete diversity of citizenship for jurisdiction purposes.

---

[2] The Pennsylvania address listed for Wyeth LLC in Plaintiff's Praecipe To Issue Writ of Summons neither corresponds to Wyeth LLC's principal place of business nor its state of incorporation.

[3] On January 1, 1999, Wyeth Laboratories Inc. merged into Ayerst Laboratories, Inc. The surviving company was Ayerst Laboratories, Inc., the name of which was changed to Wyeth-Ayerst Pharmaceuticals Inc. On March 22, 2002, the name of Wyeth-Ayerst Pharmaceuticals Inc. changed to Wyeth Pharmaceuticals Inc.

### B. The Amount in Controversy Requirement is Met

19. Plaintiff alleges that she suffers from PPH as a result of her ingestion of diet drugs Pondimin®, Redux™, and/or phentermine, and seeks all compensatory and punitive damages to which she is entitled under applicable law. *See Id.* ¶¶ 123-138; Ex. A.

20. Given the nature and extent of Plaintiff's alleged injuries and damages, Plaintiff's Praecipe To Issue Writ of Summons places at issue more than $75,000, exclusive of interest and costs. *See Angus v. Shiley, Inc.*, 989 F.2d 142, 146 (3d Cir. 1993) ("[T]he amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated."); *In re Diet Drugs (Phentermine, Fenfluramine, Dexfenfluramine) Prods. Liab. Litig.*, MDL No. 1203, 2000 WL 556602, at *3 (E.D. Pa. Apr. 25, 2000) (concluding that "it is more likely than not that the jurisdictional amount is exceeded" given that Plaintiff's alleged serious injuries include primary pulmonary hypertension or valvular heart disease and "there is no doubt that if plaintiff is successful, a reasonable jury likely could find damages in excess of the jurisdictional amount").

21. Plaintiff's claim for damages will therefore exceeds the requisite amount in controversy for purposes of diversity jurisdiction under 28 U.S.C. § 1332(a).

### C. Removal is Proper Because No Forum Defendant Has Been Served with Process

22. Pursuant to 28 U.S.C. § 1441(b), this action is removable because no party in interest properly joined and served as a defendant is a citizen of the Commonwealth of Pennsylvania, the state in which this action was brought (a "forum defendant"). *See* 28 U.S.C. § 1441(b) (providing that non-federal question cases "shall be removable only if none of the parties in interest properly joined *and served* as defendants is a citizen of the State in which the action is brought") (emphasis added).

23. No Defendant, including any forum defendant, has been served. Removal is proper where there is complete diversity, but no forum defendant has been served. Although there is a split in this Circuit regarding this position[4], numerous courts have held that a non-forum defendant may remove an action prior to proper service of a forum defendant. Relying on the language of Section 1441(b), in *Copley v. Wyeth, Inc.*, the United States District Court for the Eastern District of Pennsylvania denied plaintiff's motion for remand where a properly joined and served non-forum defendant removed the action before the alleged forum defendant had been properly joined and served. 2009 WL 1089663, at * 3 (E.D. Pa. Apr. 22, 2009); *see also Vanderwerf v. GlaxoSmithKline, PLC*, No. 05-1315, 2005 WL 6151369, at *1 (E.D. Pa. May 5, 2005); *Hutchins v. Bayer Corp.*, No. 08-640, 2009 WL 192468, at *11 (D. Del. Jan. 23, 2009); *Thomson v. Novartis Pharms. Corp.*, No. 06-6280 (JBS), 2007 WL 1521138, at *4 (D.N.J. May 22, 2007).

24. Furthermore, removal is proper when it occurs before any defendant has been served. As recent as April of this year, this Court affirmed that removal of a matter before any defendant has been served is proper under the Removal statute. Specifically, this Court denied plaintiff's motion for remand where a non-forum defendant removed the action before any defendant had been properly joined and served. *Boyer v. Wyeth Pharms., Inc.*, No. 2:12-cv-00739-EL, 2012 WL 1449246, at *3 (E.D. Pa. Apr. 25, 2012) (J. Ludwig) ("The pre-service removal of this action by a non-forum defendant where the forum defendant had not been served prior to removal was proper under the unambiguous language of § 1441(b).").

25. Congress recently enacted legislation reaffirming that an action may be removed on the basis of diversity jurisdiction when a forum defendant is not properly joined or served at

---

[4] *See, e.g., In re Avandia Mktg., Sales Practices and Prods. Liab. Litig.*, 624 F.Supp.2d 396, 410 (E.D. Pa. 2009).

the time of removal. The "Federal Courts Jurisdiction and Venue Clarification Act of 2011" amended the removal and remand procedures in 28 U.S.C. § 1441, but retained the language in section 1441(b) that bars removal only if any "of the parties in interest *properly joined and served* as defendants is a citizen of the State in which such action is brought." *See* Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63 § 103, 125 Stat. 758, 760 (2011) (emphasis added).

26. In the present case, because Plaintiff has not served any Defendant, any such Defendant's purported residence in Pennsylvania is not an impediment to removal under 28 U.S.C. § 1441(b).

### IV. NOTICE IS BEING SENT TO PLAINTIFF AND FILED IN STATE COURT

27. Pursuant to 28 U.S.C. § 1446(d), Wyeth LLC shall give Plaintiff written notice of the filing of this Notice of Removal.

28. Pursuant to 28 U.S.C. § 1446(d), Wyeth LLC shall file the written notice of the filing of this Notice of Removal with the Prothonotary of the Court of Common Pleas of Philadelphia County, Pennsylvania, attaching as Exhibit A thereto a copy of this Notice of Removal and the documents attached to this Notice of Removal.

WHEREFORE, Wyeth LLC hereby gives notice that the above entitled state court action, formerly pending in the First Judicial District of Pennsylvania, Court of Common Pleas of Philadelphia County, Civil Trial Division, has been removed to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

Raymond M. Williams, Esq.

                                                DLA Piper LLP (US)  
                                                One Liberty Place  
                                                1650 Market Street, Suite 4900  
                                                Philadelphia, PA  19103-7300  
                                                Phone: (215) 656-3300  
                                                Fax: (215) 656-3301  
                                                Email: raymond.williams@dlapiper.com

Dated:  June 21, 2012                           *Attorneys for Defendant Wyeth LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on June 21, 2012, a true and correct copy of the foregoing has been sent to counsel listed below via U.S. Mail.

James D. Barger, Esq.
AYLSTOCK, WITKIN, KREIS &
OVERHOLTZ, PLLC
17 East Main Street, Suite 200
Pensacola, FL 32502

*Attorneys for Plaintiff*

Raymond M. Williams, Esq.