## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: DIET DRUGS )<br>(Phentermine/Fenfluramine/Dexfenfluramine) )<br>PRODUCTS LIABILITY LITIGATION ) | MDL DOCKET NO. 1203 |

IN RE: DIET DRUGS                                          )
(Phentermine/Fenfluramine/Dexfenfluramine)   )        MDL DOCKET NO. 1203
PRODUCTS LIABILITY LITIGATION              )
_____ )
                                                               )
THIS DOCUMENT RELATES TO:                     )
                                                               )
JUANITA FAYE THOMAS,                              )        CIVIL ACTION NO. 12-_____
                                                               )
                  Plaintiff,                                   )
                                                               )
         v.                                                     )
                                                               )
WYETH PHARMACEUTICALS, INC.; AMERICAN )
HOME PRODUCTS; WYETH-AYERST              )
PHARMACEUTICALS, INC.; WYETH-AYERST    )
INTERNATIONAL, INC.; WYETH-AYERST       )
LABORATORIES, A DIVISION OF AMERICAN   )
HOME PRODUCTS CORPORATION; WYETH,      )
LLC, f/k/a AMERICAN HOME PRODUCTS       )
CORPORATION; WYETH f/k/a AMERICAN HOME )
PRODUCTS CORPORATION; PFIZER, INC.; and  )
INDEVUS PHARMACEUTICALS, INC.,           )
                                                               )
                  Defendants.                               )
_____ )

## ANSWER TO COMPLAINT

         Defendants   Wyeth   LLC[1]   (improperly   sued   as   "Wyeth,   LLC"),   Wyeth

Pharmaceuticals Inc.[2] (improperly sued as "Wyeth Pharmaceuticals, Inc."), and Wyeth-Ayerst

---

[1]         On June 30, 2001, Wyeth-Ayerst Laboratories Company merged into AHP Subsidiary Holding
Corporation. On March 11, 2002, American Home Products Corporation ("AHPC") changed its name to Wyeth.
On January 31, 2007, AHP Subsidiary Holding Corporation merged into Wyeth. On November 9, 2009, Wyeth
converted from a Delaware corporation to a Delaware limited liability company and is now known as Wyeth LLC.
Wyeth Pharmaceuticals Division of Wyeth (formally known as Wyeth-Ayerst Laboratories Division of American
Home Products Corporation) is an unincorporated division of Wyeth LLC and, therefore, is not amenable to suit.

[2]         On January 1, 1999, Wyeth Laboratories Inc., merged into Ayerst Laboratories, Inc.  The surviving
company was Ayerst Laboratories, Inc., the name of which was changed to Wyeth-Ayerst Pharmaceuticals Inc.  On

International Inc. (collectively "Wyeth"), and Pfizer Inc (improperly sued as "Pfizer, Inc.") ("Pfizer") (hereinafter collectively referred to as "Answering Defendants"), by and through their counsel, DLA Piper LLP (US), file this answer to Plaintiffs' General Master Long-Form Complaint and Jury Demand ("Complaint").[3]   On June 19, 2012, Plaintiff filed a Praecipe to Issue Writ of Summons entitled *Juanita Faye Thomas v. Wyeth Pharmaceuticals, Inc., et al.*, bearing Case ID 120602218, First Judicial District of Pennsylvania, Court of Common Pleas of Philadelphia County, Civil Trial Division (attached hereto as Exhibit B).   Pursuant to PCCP Case Management Order No. 1 for "Phen-Fen" Personal Injury Cases, Plaintiff must file a Short Form Complaint within thirty (30) days of initiating the litigation with a Writ of Summons.   *See* CMO No. 1, at II.A.C (attached hereto as Exhibit C).   Plaintiff must indicate in the Short Form Complaint those Counts of the Master Complaint that are incorporated by reference, and the Plaintiff is prohibited from alleging additional Counts not pled in the Master Long Form Complaint.   Accordingly, Wyeth states as follows:

   1. The allegations in Paragraph 1 of the Complaint are based on a Court Order which speaks for itself, and any attempt to characterize it is denied.

### PHARMACEUTICAL DEFENDANTS
### (FENFLURAMINE/DEXFENFLURAMINE DEFENDANTS)

   2. Admitted in part, denied in part.   Answering Defendants admit that Wyeth, formerly known as American Home Products Corporation ("AHPC"), was a Delaware corporation with its principal place of business in New Jersey.   Answering Defendants state that

---

March 22, 2002, the name of Wyeth-Ayerst Pharmaceuticals Inc. changed to Wyeth Pharmaceuticals Inc.   On March 11, 2002, when American Home Products Corporation changed its name to Wyeth, its unincorporated division, Wyeth-Ayerst Laboratories Division changed its name to Wyeth Pharmaceuticals.   Because it is an unincorporated division of Wyeth, it is not amenable to suit.

[3] *See* Plaintiffs' General Master Long-Form Complaint and Jury Demand, filed May 17, 1999, *In Re: "Phen-Fen" Litigation*, Court of Common Pleas, Philadelphia County, May Term 1999, Case No. 00001 (attached hereto as Exhibit A).

on November 9, 2009, Wyeth converted from a Delaware corporation to a Delaware limited liability company, wholly owned by Pfizer Inc, and is now known as Wyeth LLC with its principal place of business in New Jersey. Answering Defendants admit that from time to time prior to September 15, 1997, AHPC, through Wyeth-Ayerst Laboratories Division of AHPC ("WALD"), distributed, labeled, marketed and sold in interstate commerce and in Pennsylvania the pharmaceutical drug fenfluramine, under the trade name Pondimin®, to be prescribed in accordance with U.S. Food and Drug Administration ("FDA")-approved physician-prescribing information and subject to the warnings, precautions and contraindications contained therein, for the management of obesity by health care providers authorized by law to prescribe pharmaceutical products. Answering Defendants further admit that from time to time prior to September 15, 1997, AHPC, through WALD, distributed, labeled, marketed, and sold in interstate commerce and in Pennsylvania the pharmaceutical drug dexfenfluramine, under the trade name Redux™, to be prescribed in accordance with FDA-approved labeling information and subject to the warnings, precautions and contraindications contained therein, for the management of obesity by health care providers authorized by law to prescribe such pharmaceutical products. Answering Defendants deny all remaining allegations in paragraph 2 of the Complaint.

       2a.      Admitted in part, denied in part. Answering Defendants admit that prior to August 3, 1998, A.H. Robins Company, Inc. ("Robins") was a Delaware corporation with its principal place of business in Virginia. Answering Defendants further admit that from time to time prior to September 15, 1997, Robins manufactured and sold the pharmaceutical drug fenfluramine, under the trade name Pondimin®, to be prescribed in accordance with FDA-approved labeling information and subject to the warnings, precautions and contraindications

contained therein, for the management of obesity by health care providers authorized by law to prescribe such pharmaceutical products. Answering Defendants deny all remaining allegations in paragraph 2a of the Complaint.

3.     Admitted in part, denied in part. Answering Defendants admit that on January 1, 1999, Wyeth Laboratories Inc. ("WLI") was merged into Ayerst Laboratories Inc., and that the surviving company was Ayerst Laboratories Inc., the name of which was changed to Wyeth-Ayerst Pharmaceuticals Inc. ("WAPI"). On March 22, 2002, the name of WAPI changed to Wyeth Pharmaceuticals Inc. Answering Defendants further admit that prior to January 1, 1999, WLI was a New York corporation with its principal place of business in Pennsylvania, and was a subsidiary of AHPC. It is further admitted that prior to September 15, 1997, WLI distributed the pharmaceutical drug fenfluramine, under the trade name Pondimin®, to be prescribed in accordance with FDA-approved physician-prescribing information and subject to the warnings, precautions and contraindications contained therein, for the management of obesity by health care providers authorized by law to prescribe such pharmaceutical products. It is also admitted that prior to September 15, 1997, WLI distributed the pharmaceutical drug dexfenfluramine, under the trade name Redux™, to be prescribed in accordance with FDA-approved labeling information and subject to the warnings, precautions and contraindications contained therein, for the management of obesity by health care providers authorized by law to prescribe pharmaceutical products. Answering Defendants deny all remaining allegations in paragraph 3 of the Complaint.

4.     Admitted in part, denied in part. Answering Defendants admit that Wyeth-Ayerst International Inc. ("WAII") is New York corporation with its principal place of

business in Pennsylvania. Answering Defendants deny all remaining allegations in paragraph 4 of the Complaint.

5.       Admitted in part, denied in part. Answering Defendants admit that WALD was an unincorporated division of AHPC, a Delaware corporation. On March 11, 2002, when AHPC changed its name to Wyeth, WALD changed its name to Wyeth Pharmaceuticals. Because it is an unincorporated division of Wyeth, it is not amenable to suit. Answering Defendants further admit that from time to time prior to September 15, 1997, AHPC, through WALD, distributed, marketed and sold in interstate commerce and in Pennsylvania the pharmaceutical drug fenfluramine, under the trade name Pondimin®, to be prescribed in accordance with FDA-approved physician-prescribing information and subject to the warnings, precautions and contraindications contained therein, for the management of obesity by health care providers authorized by law to prescribe pharmaceutical products. It is further admitted that from time to time prior to September 15, 1997, AHPC, through WALD, distributed, marketed and sold in interstate commerce and in Pennsylvania the pharmaceutical drug dexfenfluramine, under the trade name Redux™, to be prescribed in accordance with FDA-approved labeling information and subject to the warnings, precautions and contraindications contained therein, for the management of obesity by health care providers authorized by law to prescribe such pharmaceutical products. Answering Defendants deny all remaining allegations in paragraph 5 of the Complaint.

6.       Admitted in part, denied in part. Answering Defendants admit that American Cyanamid Corporation ("ACC") was a Maine Corporation with its principal place of business in New Jersey. ACC changed its name to Wyeth Holdings Corporation on December

30, 2002.  Answering Defendants further admit that AHPC acquired ACC in 1994.  Answering Defendants deny the remaining allegations of paragraph 6.

7.     The allegations in paragraph 7 are not directed toward Answering Defendants and, therefore, no response is required.

8.     The allegations in paragraph 8 are not directed toward Answering Defendants and, therefore, no response is required.

9.     The allegations in paragraph 9 are not directed toward Answering Defendants and, therefore, no response is required.

10.     The allegations in paragraph 10 are not directed toward Answering Defendants and, therefore, no response is required.  To the extent that a response is required, Answering Defendants state that, upon information and belief, Servier designed and developed fenfluramine, under the trade name Pondimin®, and dexfenfluramine, under the trade name Redux™, and licensed them to various entities.  Answering Defendants deny the remaining allegations in paragraph 10.

10a.     The allegations in paragraph 10a are not directed toward Answering Defendants and, therefore, no response is required.  To the extent that a response is required, Answering Defendants state that, upon information and belief, Servier designed and developed fenfluramine, under the trade name Pondimin®, and dexfenfluramine, under the trade name Redux™, and licensed them to various entities.  Answering Defendants deny the remaining allegations in paragraph 10a.

11.     Denied.  To the extent the allegations contained in paragraph 11 of the Complaint are directed at parties other than the Answering Defendants, Answering Defendants

are without knowledge or information sufficient to form a belief as to the truth of these allegations.

## PHARMACEUTICAL DEFENDANTS
### (PHENTERMINE DEFENDANTS)

12-28. Denied. To the extent the allegations contained in paragraphs 12-28 of the Complaint are directed at parties other than the Answering Defendants, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations.

## DIET CENTER DEFENDANTS

29-31. Denied. To the extent the allegations contained in paragraphs 29-31 of the Complaint are directed at parties other than the Answering Defendants, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations.

## HEALTH CARE DEFENDANTS

32-33. Denied. To the extent the allegations contained in paragraphs 29-31 of the Complaint are directed at parties other than the Answering Defendants, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations.

## GENERAL ALLEGATIONS

34.     Answering Defendants admit that Pondimin® has been prescribed independently and in combination with phentermine, and that such combination has been referred to as "fen/phen." Answering Defendants deny all remaining allegations of paragraph 34 of the Complaint.

35.     Admitted in part, denied in part.  Answering Defendants admit Pondimin®
and Redux™ are indicated for monodrug therapy for obesity is more fully described in their
FDA-approved prescribing information.  To the extent the allegations contained in paragraph 35
of the Complaint are directed to other parties, the Answering Defendants are without knowledge
or information sufficient to form a belief as to the truth of the these allegations and they are
therefore denied.  Answering Defendants deny all remaining allegations of paragraph 35 of the
Complaint.

36.     Admitted in part, denied in part.   Answering Defendants admit that
fenfluramine affects serotonin levels in the brain, and that fenfluramine has been prescribed in
combination with phentermine for the management of obesity.  Answering Defendants further
admit that from time to time prior to September 15, 1997, AHPC, through WALD, marketed,
distributed, labeled and sold in interstate commerce and in Pennsylvania the pharmaceutical drug
fenfluramine, under the trade name Pondimin®, to be prescribed in accordance with FDA-
approved physician-prescribing information and subject to the warnings, precautions and
contraindications contained therein, for the management of obesity by health care providers
authorized by law to prescribe pharmaceutical products.  Answering Defendants further admit
that from time to time prior to September 15, 1997, AHPC, through WALD, distributed, labeled,
marketed, and sold in interstate commerce and in Pennsylvania the pharmaceutical drug
dexfenfluramine, under the trade name Redux™, to be prescribed in accordance with FDA-
approved labeling information and subject to the warnings, precautions and contraindications
contained therein, for the management of obesity by health care providers authorized by law to
prescribe such pharmaceutical products.  Answering Defendants further admit that from time to
time prior to September 15, 1997, Robins manufactured, labeled, packaged, and sold in interstate

-8-

commerce and in Pennsylvania the pharmaceutical drug fenfluramine, under the trade name Pondimin®, to be prescribed in accordance with FDA-approved labeling information and subject to the warnings, precautions and contraindications contained therein, for the management of obesity by health care providers authorized by law to prescribe such pharmaceutical products. Answering Defendants further admit that prior to September 15, 1997, WLI distributed the pharmaceutical drug fenfluramine, under the trade name Pondimin®, to be prescribed in accordance with FDA-approved physician-prescribing information and subject to the warnings, precautions and contraindications contained therein, for the management of obesity by health care providers authorized by law to prescribe such pharmaceutical products. It is also admitted that prior to September 15, 1997, WLI distributed the pharmaceutical drug dexfenfluramine, under the trade name Redux™, to be prescribed in accordance with FDA-approved labeling information and subject to the warnings, precautions and contraindications contained therein, for the management of obesity by health care providers authorized by law to prescribe pharmaceutical products. To the extent the allegations contained in paragraph 36 of the Complaint are directed to other parties, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the these allegations and they are therefore denied. Answering Defendants deny all remaining allegations of paragraph 36 of the Complaint.

37.     Admitted in part; denied in part. It is admitted that Robins filed the IND and NDA for fenfluramine with the FDA. Answering Defendants further admit that Interneuron is the NDA holder of dexfenfluramine. To the extent the allegations contained in paragraph 37 of the Complaint are directed to other parties, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the these allegations and they are

therefore denied.  Answering Defendants deny all remaining allegations of paragraph 37 of the Complaint.

38.      Denied.  To the extent the allegations contained in paragraph 38 of the Complaint are directed to other parties, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and the allegations are therefore denied.  Answering Defendants deny the remaining allegations in paragraph 38 of the Complaint.

39.      Denied.  To the extent the allegations contained in paragraph 39 of the Complaint are directed to other parties, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and the allegations are therefore denied.  Answering Defendants deny the remaining allegations in paragraph 39 of the Complaint.

40.      Admitted in part, denied in part.  Answering Defendants admit that from time to time prior to September 15, 1997, AHPC, through WALD, marketed the pharmaceutical drug fenfluramine, under the trade name Pondimin®, to be prescribed in accordance with FDA-approved physician-prescribing information and subject to the warnings, precautions and contraindications contained therein, for the management of obesity by health care providers authorized by law to prescribe pharmaceutical products.  Answering Defendants further admit that from time to time prior to September 15, 1997, AHPC, through WALD, marketed the pharmaceutical drug dexfenfluramine, under the trade name Redux™, to be prescribed in accordance with FDA-approved labeling information and subject to the warnings, precautions and contraindications contained therein, for the management of obesity by health care providers authorized by law to prescribe such pharmaceutical products.  Upon information and belief,

Answering Defendants admit that prior to September 15, 1997, Interneuron marketed the pharmaceutical drug dexfenfluramine under the trade name Redux™, to be used in accordance with FDA approved labeling information and subject to the warnings, precautions, and contraindications contained therein, for the management of obesity by health care providers authorized by law to prescribe such pharmaceutical products. To the extent the allegations contained in paragraph 40 of the Complaint are directed to other parties, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and the allegations are therefore denied. Answering Defendants deny the remaining allegations in paragraph 40 of the Complaint.

41.    Denied. To the extent the allegations contained in paragraph 41 of the Complaint, including those in subparagraphs (a) through (c), are directed to other parties, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and the allegations are therefore denied. Answering Defendants deny the remaining allegations in paragraph 41, including those in subparagraphs (a) through (c), of the Complaint.

42.    Admitted in part, denied in part. Answering Defendants admit that numerous prescriptions for their products were written. To the extent the allegations contained in paragraph 42 of the Complaint are directed to other parties, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and these allegations are therefore denied. Answering Defendants deny all remaining allegations in paragraph 42 of the Complaint.

43.    Denied. To the extent that the allegations contained in paragraph 43 of the Complaint are directed to other parties, Answering Defendants are without knowledge or

information sufficient to form a belief as to the truth of these allegations and these allegations are therefore denied. Answering Defendants deny all remaining allegations in paragraph 43 of the Complaint.

44.     Denied. To the extent the allegations contained in paragraph 44 of the Complaint are directed to other parties, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and the allegations are therefore denied. Answering Defendants deny the remaining allegations in paragraph 44 of the Complaint.

45.     Admitted in part, denied in part. Answering Defendants admit that on September 15, 1997, fenfluramine and dexfenfluramine were voluntarily withdrawn from marketing and distribution. The wording of any FDA announcement speaks for itself, and any attempt to characterize it is denied. To the extent the allegations of paragraph 45 of the Complaint pertain to documents and/or data that speak for themselves, any attempt to characterize them is denied. To the extent the allegations contained in paragraph 45 of the Complaint are directed to other parties, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and these allegations are therefore denied. Answering Defendants deny all remaining allegations in paragraph 45 of the Complaint.

46.     Admitted in part, denied in part. Answering Defendants admit that representatives of AHPC met with Mayo Clinic doctors and directors of MeritCare Medical Center in March 1997. To the extent the allegations of paragraph 46 of the Complaint pertain to documents and/or data that speak for themselves, any attempt to characterize them is denied. To the extent the allegations contained in paragraph 46 of the Complaint are directed to other

parties, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and these allegations are therefore denied. Answering Defendants deny all remaining allegations in paragraph 46 of the Complaint.

47. Denied. To the extent the allegations of paragraph 47 of the Complaint pertain to press reports that speak for themselves, any attempt to characterize them is denied. To the extent the allegations contained in paragraph 47 of the Complaint are directed to other parties, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and these allegations are therefore denied. Answering Defendants deny all remaining allegations in paragraph 47 of the Complaint.

48. Denied. The allegations in paragraph 48 of the Complaint regarding the Hennepin study are based on documents and/or data which speak for themselves, and therefore any attempt to characterize them is denied. Answering Defendants deny all remaining allegations in paragraph 48 of the Complaint.

49. Denied. The allegations in paragraph 49 of the Complaint regarding the Hennepin study are based on documents and/or data which speak for themselves, and therefore any attempt to characterize them is denied. Answering Defendants deny all remaining allegations in paragraph 49 of the Complaint.

50. Denied. The allegations in paragraph 50 of the Complaint regarding the Hennepin study are based on documents and/or data which speak for themselves, and therefore any attempt to characterize them is denied. Answering Defendants deny all remaining allegations in paragraph 50 of the Complaint.

51. Denied. The allegations in paragraph 51 the Complaint regarding the Hennepin study are based on documents and/or data which speak for themselves, and therefore

any attempt to characterize them is denied.   Answering Defendants deny all remaining allegations in paragraph 51 of the Complaint.

52.    Denied.  To the extent the allegations in paragraph 52 of the Complaint are directed to other parties, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and the allegations are therefore denied, Answering Defendants deny all remaining allegations in paragraph 52 of the Complaint.

53.    Admitted in part, denied in part.  Answering Defendants admit that an article entitled "Appetite Suppressant Drugs and the Risk of Primary Pulmonary Hypertension" was published in the New England Journal of Medicine on August 26, 1996.  The allegations in paragraph 53 regarding the IPPH study or the "FDA's recent announcements" are based on documents or writings that speak for themselves, and therefore any attempt to characterize them are denied.  To the extent the allegations in paragraph 53 of the Complaint are directed to other parties, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and the allegations are therefore denied.  Answering Defendants deny all remaining allegations in paragraph 53 of the Complaint.

54.    Denied.  To the extent the allegations contained in paragraph 54 of the Complaint are directed to other parties, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and the allegations are therefore denied.  Answering Defendants deny all remaining allegations in paragraph 54 of the Complaint.

55.    Denied.  To the extent the allegations contained in paragraph 55 of the Complaint are directed to other parties, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and the allegations are

therefore denied.  Answering Defendants deny all remaining allegations in paragraph 55 of the Complaint.

56.     Denied.  To the extent the allegations contained in paragraph 56 of the Complaint are directed to other parties, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and the allegations are therefore denied.  Answering Defendants deny all remaining allegations in paragraph 56 of the Complaint.

57.     Denied.  To the extent the allegations contained in paragraph 57 of the Complaint are directed to other parties, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and the allegations are therefore denied.  Answering Defendants deny all remaining allegations in paragraph 57 of the Complaint.

58.     Admitted in part, denied in part.  Answering Defendants were aware of PPH prior to the publication of the IPPH study.  To the extent the allegations contained in paragraph 58 of the Complaint are directed to other parties, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and the allegations are therefore denied.  Answering Defendants deny all remaining allegations in paragraph 58 of the Complaint.

59.     Answering Defendants state that the reports referenced in Paragraph 59 speak for themselves and any attempt to characterize them is denied. Answering Defendants deny the remaining allegations in paragraph 59.

60.     Denied.  To the extent the allegations contained in paragraph 60 of the Complaint are directed to other parties, the Answering Defendants are without knowledge or

information sufficient to form a belief as to the truth of these allegations and the allegations are therefore denied. Answering Defendants deny all remaining allegations in paragraph 60 of the Complaint.

61.     Answering Defendants admit that Pondimin® has been prescribed independently and in combination with phentermine, and that such combination has been referred to as "fen/phen." Answering Defendants admit that the FDA did not approve Pondimin® and phentermine for combination use. Answering Defendants further admit that prior to September 15, 1997, AHPC marketed and sold Pondimin® and marketed, promoted, and sold Redux™ for use in accordance with their FDA-approved prescribing information and subject to the precautions, warnings, and contraindications stated therein. Answering Defendants deny the remaining allegations in paragraph 61.

62.     Denied. To the extent the allegations in paragraph 62 of the Complaint are directed at other parties, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 62 and they are therefore denied. Answering Defendants deny all remaining allegations in paragraph 62 of the Complaint.

### COUNT I – NEGLIGENCE
### PLAINTIFFS V. PHARMACEUTICAL DEFENDANTS

63.     Answering Defendants adopt and re-state their answers to paragraphs 1 through 62 of the Complaint as if fully re-stated and set forth herein.

64.     Paragraph 64 of the Complaint states conclusions of law to which no response is required. Answering Defendants admit to having only those duties specifically imposed upon them by law. To the extent the allegations in paragraph 64 of the Complaint are directed at other parties, Answering Defendants are without knowledge or information sufficient

to form a belief as to the truth of the allegations of paragraph 64 and they are therefore denied. Answering Defendants deny all remaining allegations in paragraph 64 of the Complaint.

65.     Denied. To the extent that the allegations contained in paragraph 65 of the Complaint are directed to other parties, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and these allegations are therefore denied. Answering Defendants deny all remaining allegations in paragraph 65 of the Complaint.

66.     Denied. To the extent that the allegations contained in paragraph 66 of the Complaint are directed to other parties, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and these allegations are therefore denied. Answering Defendants deny all remaining allegations in paragraph 66 of the Complaint.

67.     Denied. To the extent that the allegations contained in paragraph 67 of the Complaint, including those in subparagraphs (a) through (j), are directed to other parties, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and these allegations are therefore denied. Answering Defendants deny all remaining allegations in paragraph 67, including those in subparagraphs (a) through (j), of the Complaint.

68.     Denied. To the extent that the allegations contained in paragraph 68 of the Complaint are directed to other parties, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and these allegations are therefore denied. Answering Defendants deny all remaining allegations in paragraph 68 of the Complaint.

69.     Denied.  To the extent that the allegations contained in paragraph 69 of the Complaint are directed to other parties, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and these allegations are therefore denied.  Answering Defendants deny all remaining allegations in paragraph 69 of the Complaint.

## COUNT II - STRICT LIABILITY IN TORT
## PLAINTIFFS V. PHARMACEUTICAL DEFENDANTS

70.     Answering Defendants adopt and re-state their answers to paragraphs 1 through 69 of the Complaint as if fully re-stated and set forth herein.

71-76. By Order dated October 13, 1999, the Court of Common Pleas, Philadelphia County (J. O'Keefe), in *In Re: Phen-Fen Litigation*, May Term 1999, Case No. 00001, dismissed Count II of the Complaint against the Pharmaceutical Defendants, and therefore, no response to paragraphs 71-76 is required.  *See* Order (attached hereto as Exhibit D).

## COUNT III - STRICT LIABILITY - FAILURE TO WARN
## PLAINTIFFS V. PHARMACEUTICAL DEFENDANTS

77.     Answering Defendants adopt and re-state their answers to paragraphs 1 through 76 of the Complaint as if fully re-stated and set forth herein.

78-83. By Order dated October 13, 1999, the Court of Common Pleas, Philadelphia County (J. O'Keefe), in *In Re: Phen-Fen Litigation*, May Term 1999, Case No. 00001, dismissed Count III of the Complaint against Pharmaceutical Defendants, and therefore, no response to paragraphs 78-83 is required.  *See* Exhibit D.

## COUNT IV - BREACH OF IMPLIED WARRANTY
## PLAINTIFFS V. PHARMACEUTICAL DEFENDANTS

84.     Answering Defendants adopt and re-state their answers to paragraphs 1 through 83 of the Complaint as if fully re-stated and set forth herein.

85-88. By Order dated October 13, 1999, the Court of Common Pleas, Philadelphia County (J. O'Keefe), in *In Re: Phen-Fen Litigation*, May Term 1999, Case No. 00001, dismissed Count IV of the Complaint against Answering Defendants, and therefore, no response to paragraphs 85-88 is required. *See* Exhibit D.

## COUNT V - BREACH OF EXPRESS WARRANTY
## PLAINTIFFS V. PHARMACEUTICAL DEFENDANTS

89.     Answering Defendants adopt and re-state their answers to paragraphs 1 through 88 of the Complaint as if fully re-stated and set forth herein.

90.     Denied.  To the extent that the allegations in paragraph 90 are directed to other parties, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 90 of the Complaint.  Answering Defendants deny all remaining allegations in paragraph 90 of the Complaint.

91.     Denied.  To the extent that the allegations in paragraph 91 are directed to other parties, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 91 of the Complaint.  Answering Defendants deny all remaining allegations in paragraph 91 of the Complaint.

92.     Denied.  To the extent that the allegations in paragraph 92 are directed to other parties, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 92 of the Complaint.  Answering Defendants deny all remaining allegations in paragraph 92 of the Complaint.

93.     Denied.  To the extent that the allegations in paragraph 93 are directed to other parties, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 93 of the Complaint.  Answering Defendants deny all remaining allegations in paragraph 93 of the Complaint.

94.     Denied.  To the extent that the allegations in paragraph 94 are directed to other parties, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 94 of the Complaint.  Answering Defendants deny all remaining allegations in paragraph 94 of the Complaint.

95.     Denied.  To the extent that the allegations in paragraph 95 are directed to other parties, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 95 of the Complaint.  Answering Defendants deny all remaining allegations in paragraph 95 of the Complaint.

## COUNT VI - FRAUD
## PLAINTIFFS V. PHARMACEUTICAL DEFENDANTS

96.     Answering Defendants adopt and re-state their answers to paragraphs 1 through 95 of the Complaint as if fully re-stated and set forth herein.

97.     Denied.  To the extent the allegations contained in paragraph 97 of the Complaint are directed to other parties, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the these allegations and they are therefore denied.  The remaining allegations in paragraph 97 of the Complaint state conclusions of law to which no response is required.  Answering Defendants admit to having only those duties specifically imposed upon them by law.  Answering Defendants deny all remaining allegations in paragraph 97 of the Complaint.

98.     Denied.  To the extent that the allegations in paragraph 98 are directed to other parties, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 98 of the Complaint.  Answering Defendants deny all remaining allegations in paragraph 98 of the Complaint.

99.  Denied.  To the extent that the allegations in paragraph 99 are directed to other parties, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 99 of the Complaint.  Answering Defendants deny all remaining allegations in paragraph 99 of the Complaint.

100.  Denied.  To the extent that the allegations in paragraph 100, including those in subparagraphs (a) through (c), are directed to other parties, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 100 of the Complaint.  Answering Defendants deny all remaining allegations in paragraph 100, including those in subparagraphs (a) through (c), of the Complaint.

### COUNT VII - MEDICAL MALPRACTICE
### PLAINTIFFS V. DIET AND HEALTHCARE DEFENDANTS

101-107.  Not Applicable. *See* Exhibit B.

### COUNT VIII - FAILURE TO OBTAIN INFORMED CONSENT
### PLAINTIFFS V. DIET AND HEALTHCARE DEFENDANTS

108-115.  Not Applicable. *See* Exhibit B.

### COUNT IX - WRONGFUL DEATH
### PLAINTIFFS V. DIET AND HEALTHCARE DEFENDANTS

116-117.  Not Applicable. *See* Exhibit B.

### COUNT X - LOSS OF CONSORTIUM
### PLAINTIFFS V. ALL DEFENDANTS

118-122.  Not Applicable. *See* Exhibit B.

### COUNT XI - DAMAGES

123.  Answering Defendants adopt and re-state their answers to paragraphs 1 through 122 of the Complaint as if fully re-stated and set forth herein.

124.  Denied.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's alleged diseases

and injuries, and they are therefore denied.  To the extent that the allegations in paragraph 124 are directed to other parties, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 124 of the Complaint. Answering Defendants deny all remaining allegations in paragraph 124 of the Complaint.

125.    Denied.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the alleged expenses incurred by Plaintiff, and they are therefore denied.  To the extent that the allegations in paragraph 125 are directed to other parties, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 125 of the Complaint.    Answering Defendants deny all remaining allegations in paragraph 125 of the Complaint.

126.    Denied.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's alleged injuries, and they are therefore denied.  To the extent that the allegations in paragraph 126 are directed to other parties, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 126 of the Complaint.    Answering Defendants deny all remaining allegations in paragraph 126 of the Complaint.

127.    Denied.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's alleged injuries or fear of an increased risk of injury, and they are therefore denied.  To the extent that the allegations in paragraph 127 are directed to other parties, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of

paragraph 127 of the Complaint.   Answering Defendants deny all remaining allegations in paragraph 127 of the Complaint.

128.   Denied.   Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's alleged injuries and medical treatment, and they are therefore denied.   To the extent that the allegations in paragraph 128 are directed to other parties, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 128 of the Complaint.   Answering Defendants deny all remaining allegations in paragraph 128 of the Complaint.

129.   Denied.   Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's family unit, and they are therefore denied.   To the extent that the allegations in paragraph 129 are directed to other parties, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 129 of the Complaint.   Answering Defendants deny all remaining allegations in paragraph 129 of the Complaint.

130.   Denied.   Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's alleged medical expenses, and they are therefore denied.   To the extent that the allegations in paragraph 130 are directed to other parties, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 130 of the Complaint.   Answering Defendants deny all remaining allegations in paragraph 130 of the Complaint.

131.   Denied.   Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's expenditures on

medical treatment, and they are therefore denied.  To the extent that the allegations in paragraph 131 are directed to other parties, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 131 of the Complaint.  Answering Defendants deny all remaining allegations in paragraph 131 of the Complaint.

132.    Denied.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's family unit, and they are therefore denied To the extent that the allegations in paragraph 132 are directed to other parties, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 132 of the Complaint.  Answering Defendants deny all remaining allegations in paragraph 132 of the Complaint.

133.    Denied.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's alleged injuries, and they are therefore denied.  To the extent that the allegations in paragraph 133 are directed to other parties, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 133 of the Complaint.  Answering Defendants deny all remaining allegations in paragraph 133 of the Complaint.

### PUNITIVE DAMAGES

134.    Answering Defendants adopt and re-state their answers to paragraphs 1 through 133 of the Complaint as if fully re-stated and set forth herein.

135.    Denied.  To the extent that the allegations in paragraph 135 are directed to other parties, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 135 of the Complaint.  Answering Defendants deny all remaining allegations in paragraph 135 of the Complaint.

136.   Denied.  To the extent that the allegations in paragraph 136 are directed to other parties, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 136 of the Complaint.   Answering Defendants deny all remaining allegations in paragraph 136 of the Complaint.

137.   Denied.  To the extent that the allegations in paragraph 137 are directed to other parties, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 137 of the Complaint.   Answering Defendants deny all remaining allegations in paragraph 137 of the Complaint.

138.   Denied.  To the extent that the allegations in paragraph 138 are directed to other parties, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 138 of the Complaint.   Answering Defendants deny all remaining allegations in paragraph 138 of the Complaint.

**GENERAL DENIAL**

All allegations contained in the Complaint not heretofore specifically admitted, denied, or explained, are here and now denied.

**AFFIRMATIVE DEFENSES**[4]

**FIRST DEFENSE**

Plaintiff's causes of action are barred in whole or in part by the applicable statute of limitations, to the extent not otherwise provided in § IV.D.3.c, § IV.D.4.c, and/or § VII.B.4 of the Nationwide Class Action Settlement Agreement with American Home Products Corporation (the "Settlement Agreement").

---

[4]   Answering Defendants assert the following affirmative defenses in an abundance of caution.  In so doing, Answering Defendants do not intend to nor do they admit or concede that all of the affirmative defenses listed below are affirmative defenses for which they carry the burden of proof.

## SECOND DEFENSE

Plaintiff Juanita Faye Thomas is a member of a class which is subject to the provisions of a Nationwide Class Action Settlement Agreement with American Home Products Corporation, approved by the United States District Court for the Eastern District of Pennsylvania. By reason of that Settlement Agreement, Plaintiff's causes of action are barred in whole or in part by the doctrines of merger, bar, collateral estoppel, *res judicata*, release, discharge, accord and satisfaction, and covenant not to sue and are barred by an injunction entered by that Court.

## THIRD DEFENSE

Plaintiff's causes of action are barred in whole or in part by the doctrines of laches, waiver and estoppel, to the extent not otherwise provided in § IV.D.3.c, § IV.D.4.c, and/or § VII.B.4 of the Settlement Agreement.

## FOURTH DEFENSE

Plaintiff's causes of action are barred because Pondimin® and Redux™ were not dangerous to a degree beyond that which would be expected by an ordinary user or consumer.

## FIFTH DEFENSE

Plaintiff's alleged damages were caused entirely or in part by the contributory or comparative negligence or fault of the Plaintiff, which negligence or fault is a total or partial bar to Plaintiff's claims for damages herein.

## SIXTH DEFENSE

To the extent Plaintiff's negligence was less than the negligence of Answering Defendants (any such negligence being denied), Plaintiff's recovery must be diminished in proportion to the negligence of Plaintiff.

### SEVENTH DEFENSE

The damages alleged by Plaintiff were caused or proximately caused by some person or third party other than Answering Defendants for whom Answering Defendants are not legally responsible.

### EIGHTH DEFENSE

Plaintiff's alleged damages resulted from new and independent, unforeseeable, superseding and/or intervening causes unrelated to any conduct of, or product placed in the stream of commerce by, Answering Defendants. Plaintiff suffered no physical injury caused by, arising from, or relating to Pondimin® or Redux™.

### NINTH DEFENSE

Plaintiff's claims are exclusively governed by the Louisiana Products Liability Act (LA R.S. § 9:2800.51 *et seq.*), and all the limitations and defenses set forth therein. Plaintiff is not entitled to recover under any of the exclusive theories of product liability recovery set forth in the Louisiana Products Liability Act. Furthermore, neither Pondimin® nor Redux™ poses any characteristics that render them unreasonably dangerous and a reasonably anticipated use as defined by the Louisiana Products Liability Act.

### TENTH DEFENSE

Plaintiff's alleged damages were not proximately caused by any act or omission of Answering Defendants.

### ELEVENTH DEFENSE

Plaintiff's alleged damages were the result of pre-existing conditions which were unrelated to any conduct of, or product placed in the stream of commerce by, Answering Defendants.

## TWELFTH DEFENSE

Plaintiff's alleged damages were the result of an idiosyncratic reaction that Answering Defendants could not reasonably foresee.

## THIRTEENTH DEFENSE

Plaintiff Juanita Faye Thomas was not a foreseeable user of the products.

## FOURTEENTH DEFENSE

Plaintiff's damages, if any, and if they were caused by Pondimin® or Redux™, were caused in whole or in part by misuse, unintended use, or unreasonable use of the products.

## FIFTEENTH DEFENSE

Plaintiff's damages, if any, were caused by changes and/or alterations to products made by persons not within Answering Defendants' control.

## SIXTEENTH DEFENSE

Answering Defendants provided adequate warnings and complete warnings to Plaintiff Juanita Faye Thomas' prescribing physicians.  Therefore, any claims by Plaintiff for inadequate warnings are controlled by, and barred under, the learned intermediary doctrine. Plaintiff's claims based on inadequate warning are barred even if the Answering Defendants failed to provide adequate warnings with respect to known or potential dangers or risks associated with the use of Pondimin® and/or Redux™ because physicians prescribing Pondimin® and/or Redux™ either knew or should have known of the potential or known dangers or risks, and there is no duty to warn members of a profession against dangers known or which should be known to members of the profession.

## SEVENTEENTH DEFENSE

Plaintiff's causes of action are barred, in whole or in part, by Plaintiff's failure to

assert an alternative, safer design under the circumstances for Pondimin® and/or Redux™.

### EIGHTEENTH DEFENSE

Plaintiff's product liability causes of action are barred because the benefits of Pondimin® and Redux™ outweighed their risks.

### NINETEENTH DEFENSE

Plaintiff's product liability causes of action are barred because the relevant product was consistent with or exceeded consumer expectations.

### TWENTIETH DEFENSE

Based on the state of scientific, medical, and technological knowledge at the time Pondimin® and Redux™ were marketed, they were reasonably safe for their normal and foreseeable uses.

### TWENTY-FIRST DEFENSE

Plaintiff's claims are barred, in whole or in part, because Answering Defendants complied with all applicable statutes and with the requirements and regulations of the FDA.

### TWENTY-SECOND DEFENSE

Plaintiff's claims are barred by the doctrine of federal preemption.

### TWENTY-THIRD DEFENSE

Plaintiff's claims are barred in whole or in part by the deference given to the primary jurisdiction of the FDA over Pondimin® and Redux™ under applicable federal law, rules and regulations.

### TWENTY-FOURTH DEFENSE

Plaintiff's claims against Answering Defendants are barred under Section 402A, comments K and J of the Restatement (Second) Of Torts and Sections 2, 4, and 6 et seq. of the

Restatement (Third) Of Torts: Products Liability. At all times material to this Complaint, the product was reasonably safe and reasonably fit for its intended uses, and the warnings and instructions accompanying it at the time of the occurrence or injuries alleged by Plaintiff were adequate.

### TWENTY-FIFTH DEFENSE

If Pondimin® or Redux™ were unsafe – which Answering Defendants deny – the Plaintiff's claims are barred because the product was unavoidably unsafe.

### TWENTY-SIXTY DEFENSE

Plaintiff's claims are barred in whole or in part because Pondimin® and Redux™ provide net benefits for a class of patients within the meaning of Restatement (Third) of Torts: Products Liability § 6 cmt. f.

### TWENTY-SEVENTH DEFENSE

In the event Plaintiff recovers a verdict or judgment against Answering Defendants, then said verdict or judgment must be reduced by those amounts which have been or will, with reasonable certainty, replace or indemnify Plaintiff, in whole or in part, for any past or future claimed economic loss, from any collateral source such as insurance, social security, workers' compensation or employee benefit programs to the fullest extent allowable under common or statutory law.

### TWENTY-EIGHTH DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### TWENTY-NINTH DEFENSE

Answering Defendants expressly deny that any third party engaging in the acts alleged by Plaintiff was acting as Answering Defendants' agent or servant, at the instruction of

Answering Defendants or within Answering Defendants' control.  Therefore, Plaintiff's claims, to the extent she seeks to recover for the acts or omissions of such third parties, are barred in whole or in part as a matter of law.

### THIRTIETH DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of accord and satisfaction.

### THIRTY-FIRST DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations, statutes of repose, estoppel, laches, and/or other equitable doctrines.

### THIRTY-SECOND DEFENSE

Neither Plaintiff Juanita Faye Thomas nor her respective physicians were induced to prescribe or use Pondimin® or Redux™ based on any material representations or misrepresentations of Answering Defendants.

### THIRTY-THIRD DEFENSE

Plaintiff did not rely on any express or implied warranty allegedly made by Answering Defendants.

### THIRTY-FOURTH DEFENSE

Plaintiff is not in privity of contract with Answering Defendants, and therefore, cannot maintain an action in warranty against Answering Defendants.  Further, Answering Defendants specifically plead as to any breach of warranty claim all affirmative defenses under the Uniform Commercial Code, as enacted in the State of Louisiana, and any other state whose law is deemed to apply in this case.

### THIRTY-FIFTH DEFENSE

Plaintiff's breach of warranty claim is barred by Plaintiff's failure to provide Answering Defendants with reasonable or adequate notice of any breach of such alleged warranty.

## THIRTY-SIXTH DEFENSE

Any claim for breach of express warranty must fail because Plaintiff failed to allege any representation giving rise to an express warranty.

## THIRTY-SEVENTH DEFENSE

Any claim for breach of implied warranty must fail because Pondimin® and/or Redux™ were used for their ordinary purpose.

## THIRTY-EIGHTH DEFENSE

Any warranties made to Plaintiff were disclaimed.

## THIRTY-NINTH DEFENSE

With respect to Plaintiff's demand for punitive damages, Answering Defendants specifically incorporate by reference any and all standards or limitations regarding the determination and enforceability of punitive damage awards that are set forth in *Philip Morris USA v. Williams*, 127 S. Ct. 1057 (2007), *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003), *BMW of North America, Inc. v. Gore* 527 U.S. 559 (1996).

## FORTIETH DEFENSE

Plaintiff's claim seeking punitive damages violates the substantive and procedural aspects of the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution, the Equal Protection Clause, the Excessive Fines Clause, and the cognate provisions of the Louisiana Constitution.

### FORTY-FIRST DEFENSE

Because of the lack of clear standards, the imposition of punitive damages against Answering Defendants would be unconstitutionally vague and/or overbroad.

### FORTY-SECOND DEFENSE

Plaintiff impermissibly seeks to impose liability on conduct protected from liability by the First Amendment to the United States Constitution and by the Constitution of the State of Louisiana.

### FORTY-THIRD DEFENSE

Each item of economic loss identified in the Complaint was, or with reasonable certainty will be, replaced or indemnified, in whole or in part, by collateral sources.

### FORTY-FOURTH DEFENSE

Plaintiff's claim for fraud fails to state a claim, and has not been pled with the required degree of specificity.

### FORTY-FIFTH DEFENSE

Plaintiff's causes of action are barred because, at all relevant times, Plaintiff Juanita Faye Thomas was a knowledgeable purchaser who was aware of the alleged hazards of Pondimin® and/or Redux™ and, therefore, Plaintiff expressly or impliedly assumed the risk of any alleged damages.

### FORTY-SIXTH DEFENSE

Plaintiff's have failed to join all indispensible parties.  As a result of this failure, complete relief cannot be accorded to those already parties to this action and will result in prejudice to Answering Defendants.

### FORTY-SEVENTH DEFENSE

Plaintiff's recovery, if any, from Answering Defendants should be reduced, offset, or barred by the contributory or comparative negligence, fault, responsibility, or causation attributable, in part or whole, to a third party for whom Answering Defendants are not legally responsible.

### FORTY-EIGHTH DEFENSE

Answering Defendants' liability, if any, for non-economic loss is limited to their equitable share, determined in accordance with the relative culpability of all persons or entities contributing to Plaintiff's total non-economic loss, if any, including those over whom Plaintiff could have obtained personal jurisdiction with due diligence.

### FORTY-NINTH DEFENSE

Plaintiff's claims, if any, are barred, reduced, and/or limited pursuant to any other applicable limitations of awards, caps on recovery, and setoffs permitted by constitutional, statutory and common law, including but not limited to, Louisiana Civil Code Articles 2323 and 2324.

### FIFTIETH DEFENSE

No act or omission of Answering Defendants was malicious, willful, wanton, reckless or grossly negligent.

### FIFTY-FIRST DEFENSE

Answering Defendants hereby give notice that they intend to rely upon any other defense that may become available or appear during the discovery proceedings in the case and hereby reserves the right to amend this Answer to assert any such defense. Answering Defendants also reserve the right to assert other and related defenses as may become available

upon a determination of the law applicable to the action or any part thereof or claim therein.

      **WHEREFORE,** Answering Defendants demand judgment in their favor, together

with costs of suit, attorney's fees, and such other and further relief as this Court deems just and

proper.

Respectfully submitted,

Raymond M. Williams, Esquire
Identification No.:  90771
DLA Piper LLP (US)
One Liberty Place
1650 Market Street, Suite 4900
Philadelphia, PA  19103
(215) 656-3300
(215) 656-3301 *(fax)*
raymond.williams@dlapiper.com

Dated:  June 21, 2012

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of Defendants' Answer to Complaint was filed this 21st day of June 2012, and is available for viewing and downloading from the ECF system of the United States District Court for the Eastern District of Pennsylvania.

The undersigned further certifies that a true and correct copy of the foregoing document was served this 21st day of June 2012 by first class mail upon counsel appearing in the attached Service List.

Raymond M. Williams

**SERVICE LIST**

James D. Barger, Esquire
Aylstock, Witkin, Kreis & Overholtz, PLLC
17 East Main Street, Suite 200
Pensacola, FL 32502
**Plaintiff's Counsel**

Gregory P. Miller, Esquire
Drinker Biddle
One Logan Square
18th & Cherry Streets
Philadelphia, PA  19103
**Special Discovery Master**

Michael Fishbein, Esquire
Arnold Levin, Esquire
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA  19106
**Co-Chair of Plaintiffs' Management Committee**

John J. Cummings, III, Esquire
Cummings, Cummings & Dudenhefer
416 Gravier Street
New Orleans, LA  70130
**Co-Chair of Plaintiffs' Management Committee**

Stanley M. Chesley, Esquire
Waite, Schneider, Bayless, Chesley Co., L.P.A.
1513 Central Trust Tower
One West Fourth Street
Cincinnati, OH  45202
**Co-Chair of Plaintiffs' Management Committee**

Deborah A. Hyland, Esquire
Plaintiffs' Management Committee
Constitution Place
325 Chestnut Street, Suite 200
Philadelphia, PA  19106
**Co-Chair of Plaintiffs' Management Committee**