IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: DIET DRUGS (PHENTERMINE/ FENFLURAMINE/DEXFENFLURAMINE) PRODUCTS LIABILITY LITIGATION | MDL NO. 1203 |
| THIS DOCUMENT RELATES TO: JUANITA FAYE THOMAS v. WYETH PHARMACEUTICALS, INC., et al. | CIVIL ACTION NO. 12-20006 |

**MEMORANDUM IN SUPPORT OF SEPARATE PRETRIAL ORDER NO. 8948**

Bartle, J.                                          October 5, 2012

Before the court is the motion of plaintiff Juanita Faye Thomas ("Ms. Thomas") to remand this action to the Court of Common Pleas of Philadelphia County. According to the complaint, plaintiff suffers from primary pulmonary hypertension as a result of ingesting Wyeth's diet drugs known as Phen-fen.

Plaintiff initiated this action in the state court by filing a praecipe for a writ of summons on June 18, 2012. The writ, which was issued by the Prothonotary the same day, simply contained the names and addresses of the plaintiff and the nine defendants and stated in bold letters "PPH Phen-Fen Mass Tort Case" and "Jury Trial Demand." Defendants filed a notice of removal to this court three days later on June 21, 2012. The pending motion to remand followed.

Under the Pennsylvania Rules of Civil Procedure, a civil action may be commenced either by the filing of a complaint or a praecipe for a writ of summons. See Rule 1007 of the Pennsylvania Rules of Civil Procedure. Under Rule 1351, the form of the writ of summons must simply identify the name of the parties and notify the defendants that the plaintiff(s) "has (have) commenced an action against" them. It is dated and signed by the prothonotary or a deputy. It is not required to contain any information about the allegations or claims against the defendants or the nature or amount of the relief sought.

On July 17, 1999, Judge Joseph O'Keefe in the Court of Common Pleas had entered Case Management Order No. 1 ("CMO No. 1") which governs "all individual personal injury 'Phen-fen' cases which are presently pending or hereafter filed in the Philadelphia Court of Common Pleas." The order recited that at the court's direction a Master Long Form Complaint ("Master Complaint") was filed on May 17, 1999. The defendants were afforded 45 days to file a response. All Phen-fen cases instituted in that court after July 17, 1999 must be initiated by the filing of a writ of summons or a Short Form Complaint. If a case is instituted by a writ of summons, a Short Form Complaint is to be filed within 30 days. It must state the counts of the Master Complaint which it is incorporating and any new counts not pleaded in the Master Complaint. In this case, defendant filed its notice of removal before the Short Form Complaint had been filed.

In support of her motion to remand, plaintiff cites 28 U.S.C. § 1446(b) which provides:

> **Requirements; generally.**--(1)  The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant, if such initial pleading has been filed in court and is not required to be served on the defendant, whichever period is shorter.

Plaintiff maintains that the writ of summons is not an "initial pleading" and therefore removal fails as premature because it occurred before and not after defendants' receipt of the initial pleading. Defendants counter that under the specific circumstances of this case, the writ of summons is the initial pleading and thus removal was within the time period allowed by § 1446(b).

In Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 352 (1990), the Supreme Court held that informal receipt of a complaint does not start the running of the 30-day removal period under 28 U.S.C. § 1446(b). There, counsel for the plaintiff had faxed a copy of the filed complaint to defendant before the complaint had been served. Defendant filed a notice of removal more than 30 days after receiving the courtesy copy of the complaint but less than 30 days after formal service of the complaint. The Supreme Court found removal to be timely. The Court explained that a defendant "must be officially

summoned to appear in an action before the time to remove begins to run." Id. at 347. In its opinion, the Court stated:

> First, if the summons and complaint are served together, the 30-day period for removal runs at once. Second, if the defendant is served with the summons but the complaint is furnished to the defendant sometime after, the period for removal runs from the defendant's receipt of the complaint. Third, if the defendant is served with the summons and the complaint is filed in court, but under local rules, service of the complaint is not required, the removal period runs from the date the complaint is made available through filing. Finally, if the complaint is filed in court prior to any service, the removal period runs from the service of the summons.

Id. at 354.

After Murphy Brothers, our Court of Appeals in Sikirica v. Nationwide Ins. Co., 416 F.3d 214 (3d Cir. 2005), had occasion to decide a case involving the 30-day removal period. The plaintiff had served a writ of summons pursuant to the Pennsylvania Rules of Civil Procedure. The defendant filed a notice of removal more than 30 days after service of the writ of summons but within 30 days after the filing and service of the complaint. The court upheld the removal.

In doing so, it discussed but rejected the reasoning of the Second Circuit in Whitaker v. American Telecasting, Inc., 261 F.3d 196, 200-05 (2d Cir. 2001). Whitaker held that the time for removal began to run from the service of the summons because the summons, under New York law, must identify not only the name of the parties but also the nature of the action and the relief

sought.  The Sikirica court noted that the Supreme Court in Murphy Brothers had emphasized that § 1446(a) was designed to have uniform application throughout the nation and equated the term "complaint" with the "initial pleading."  Since in Pennsylvania less information is required in the writ of summons than in New York, and in any event the writ of summons was not a complaint, the 30-day clock was not triggered in Sikirica until the complaint was served.

Here, the plaintiff is not required to file its Phen-fen Short Form Complaint until 30 days after the filing of the writ of summons.  It is not until the Short Form Complaint is filed that the defendant can know exactly what allegations are being made by the plaintiff in a court of law.  We acknowledge, as defendants point out, that they surely had a good idea about the nature of the action at the outset from the writ of summons because it contains the words "PPH Phen-Fen Mass Tort Case."  There is also the preexisting Master Complaint with which the defendants are familiar and which sets forth the allegations against the defendants concerning their liability for primary pulmonary hypertension ("PPH"), a fatal disease, caused by Phen-fen.  However, neither the writ of summons nor the Master Complaint is the plaintiff's pleading, initial or otherwise.  Only upon plaintiff's filing of her own Short Form Complaint under CMO No. 1 is there an initial pleading in the case at hand.

Any rule starting the clock with the filing or service of the writ of summons before the filing of the complaint, a rule

espoused by defendants here, not only would be contrary to <u>Murphy Brothers</u> but would cause significant mischief. It would force a defendant to make a decision about removal based on assumptions rather than knowledge of exactly what was contained in the filed complaint. The defendant would have to determine whether the writ of summons, generally a bare-bones document, provided it with enough information about the action so as to make it removable. According to the defendants' argument, the court would also need to evaluate defendant's knowledge beyond the four corners of the writ of summons. We would be back in the pre-<u>Murphy Brothers</u> era.

Our Court of Appeals in <u>Sikirica</u> has rejected the <u>Whitaker</u> approach and has adopted a bright line rule consistent with its reading of the Supreme Court's opinion in <u>Murphy Brothers</u>. In sum, it is necessary that before removal takes place the complaint at the very least must have been filed. <u>See</u> <u>Valido-Shade v. Wyeth</u>, --- F. Supp. 2d ---, 2012 WL 2861113 (E.D. Pa. July 11, 2012[1]).

Section 1446(b), as noted above, requires that "the notice of removal ... shall be filed within 30 days <u>after</u> receipt by the defendant through service or otherwise, of a copy of the <u>initial pleading</u> setting forth the claim for relief upon which such action ... is based ..." (emphasis added). First, the writ of summons here, although more detailed than the ordinary writ of

---

1. While the order was signed on July 10, 2012, it was filed on July 11, 2012.

summons in Pennsylvania, is not the "initial pleading" because "it does not set forth the claim for relief upon which such action is based."  Moreover, the removal statute must be strictly construed, with all doubts resolved in favor of remand.  <u>See</u>, <u>e.g.</u>, <u>Brown v. Jevic</u>, 575 F.3d 322, 326 (3d Cir. 2009).  Contrary to what § 1446(b) provides, the notice of removal was filed <u>before</u> rather than <u>after</u> receipt of the initial pleading, that is, plaintiff's Short Form Complaint.

Accordingly, we conclude that the notice of removal was premature and thus improper under § 1446(b).  The action will be remanded to the Court of Common Pleas of Philadelphia County.